Lonnie McCollum, Superintendent Kansas Highway Patrol 122 S.W. Seventh Street Topeka, Kansas 66603-3847
Dear Superintendent McCollum:
You inquire whether golf carts which are operated on highways must be registered pursuant to the motor vehicle registration statutes, K.S.A. 8-127 et seq., and be equipped with certain safety equipment pursuant to the Uniform Act Regulating Traffic, K.S.A. 8-1701 etseq. Apparently, the City of Ellinwood has enacted a charter ordinance which purports to exempt the City from the motor vehicle registration statutes and certain safety equipment statutes on the basis that such statutes are not uniformly applicable to all cities.
Article 12, Section 5(c) of the Kansas Constitution provides as follows:
 "(c)(1) Any city may by charter ordinance elect in the manner prescribed in this section that the whole or any part of any enactment of the legislature applying to such city, other than enactments of statewide concern applicable uniformly to all cities, other enactments applicable uniformly to all cities
. . . shall not apply to such city.
 "(2) A charter ordinance is an ordinance which exempts a city from the whole or any part of any enactment of the legislature as referred to in this section and which may provide substitute and additional provisions on the same subject. Such charter ordinance shall be so titled, shall designate specifically the enactment of the legislature or part thereof made inapplicable to such city by the adoption of such ordinance and contain the substitute and additional provisions, if any, and shall require a two-thirds vote of the members-elect of the governing body of such city. Every charter ordinance shall be published once each week for two consecutive weeks in the official city newspaper or, if there is none, in a newspaper of general circulation in the city." (Emphasis added).
In Attorney General Opinions No. 85-145 and 93-153, Attorney General Robert T. Stephan concluded that a city must strictly comply with the requirement that a charter ordinance designate specifically the legislative enactment that is made inapplicable in order to make the protest and referendum provisions of the home rule amendment meaningful.
Charter Ordinance No. 7 purports to exempt the City from "the uniform traffic code." There is no statutory enactment identified as the Uniform Traffic Code. There is the Uniform Act Regulating Traffic on Highways which includes statutes that address safety equipment on motor vehicles, but the charter ordinance does not specifically refer to that enactment. It is our opinion that Charter Ordinance No. 7 violates Article 12, Section 5 of the Kansas Constitution because it fails to designate a specific legislative enactment which is made inapplicable to the City thereby making it difficult for a citizen to protest the ordinance.
More importantly, however, the charter ordinance is invalid because it attempts to charter out of uniform enactments. Article 12, Section 5(c)(1) of the Kansas Constitution provides that cities may use charter ordinances to exempt themselves from certain legislative enactments, but cities may not exempt themselves from enactments that apply uniformly to all cities. City ofJunction City v. Griffin, 227 Kan. 332, 337 (1980).
The motor vehicle registration statutes, K.S.A. 8-126
through 8-177c, require motor vehicle owners to register their vehicles if they intend to operate them on highways. K.S.A. 8-127. It is unlawful to operate a motor vehicle that is not registered. K.S.A. 1996 Supp.8-142. A motor vehicle is defined as "every vehicle, other than a motorized bicycle or a motorized wheelchair, which is self propelled." K.S.A. 1996 Supp. 8-126(b), as amended by L. 1997, Ch. 119, § 1. A "vehicle" is "every device in, upon or by which any person or property is or may be transported . . . upon a public highway. . . ." K.S.A. 1996 Supp. 8-126(a), as amended by L. 1997, Ch. 119, § 1. Charter Ordinance No. 7 defines a golf cart as "any motorized vehicle which is manufactured for use on a golf course and is capable of carrying one or two persons together with golf bags and equipment." This charter ordinance purports to authorize operation of golf carts on public highways. It is our opinion that a golf cart, as defined by Charter Ordinance No. 7, is a motor vehicle and must be registered pursuant to state statute unless the motor vehicle registration statutes are not uniformly applicable to all cities and a city has enacted a valid charter ordinance. (Certain vehicles are exempt from registration; golf carts are not. K.S.A. 1996 Supp. 8-128, as amended by L. 1997, Ch. 119, § 2.)
In determining whether a legislative enactment is uniformly applicable to all cities, there should be a clear legislative intent. Claflin v. Walsh, 212 Kan. 1,7 (1973).
 "In view of the liberal construction provision of Section 5(d) [Kan. Const., Art. 12, § 5(d)], in determining whether a legislative enactment is applicable uniformly to all cities such a legislative intent should be clearly evident before the courts should deny a city the right to exercise home rule power in that area." Home Builders Assn. of Greater Kansas City v. City of Overland Park, Kansas, 22 Kan. App. 649 (1996), citing Claflin v. Walsh, 212 Kan. 1, 7 (1973).).
In some cases the legislative intention is clear and unequivocal because the statute contains specific language that it is to be applied uniformly to all cities. 212 Kan. at 8. However, in City of JunctionCity v. Griffin, 227 Kan. 332, 336 (1980), the Court concluded that even if the Legislature intended to provide a uniform procedure for all municipal courts, the statutory expression of intent to make the law uniform did not supplant the constitutional requirement of uniformity. If a legislative enactment is not uniform, the legislative intent as expressed within the enactment will not overcome the constitutional requirement for uniform application. 227 Kan. at 336.
The motor vehicle registration statutes were enacted in 1929 and are codified in Article 1 of Chapter 8 of the Kansas Statutes Annotated. Section 28 of the 1929 enactment provided that the act "may be known and cited as the uniform motor vehicle registration act" in order to "effectuate its general purpose to make uniform the laws of those states enacting it." While there have been additions to the original enactment as well as repeals of statutes within this enactment since 1929, there are no sections within the motor vehicle registration statutes that apply only to cities of a certain class which arguably may have made it nonuniform pursuant to City of Junction City v. Griffin, 227 Kan. 332
(1980), and City of Wichita v. Kansas TaxpayersNetwork, Inc., 255 Kan. 534 (1994). Finally, in Attorney General Opinion No. 93-80, Attorney General Robert T. Stephan concluded that the motor vehicle registration statutes are uniform. It is our opinion that a city may not exempt itself from the motor vehicle registration statutes because they uniformly apply to all cities and, therefore, Charter Ordinance No. 7 is invalid.
The safety equipment statutes, K.S.A. 8-1701 through8-1759a, require motor vehicles to have certain safety equipment. A motor vehicle is "every vehicle . . . which is self-propelled." K.S.A. 1996 Supp. 8-1437. Failure to have such equipment is unlawful. K.S.A. 8-1701. A golf cart, as defined by Charter Ordinance No. 7, is a motor vehicle and, therefore, owners of such vehicles must comply with the safety equipment statutes unless they are nonuniform and a city has enacted a valid charter ordinance opting out of its provisions.
The safety equipment statutes are part of a 1974 enactment that revised and reenacted the Uniform Act to Regulate Traffic on Highways. The original enactment contains nine articles that address traffic rules on the road, accidents and accident reports, the size, weight and load of vehicles, legal procedures and safety equipment. Article 20 addresses the powers of state and local authorities. K.S.A. 8-2001 provides that the provisions of the act are "uniform throughout this state and in all cities . . . and no local authority shall enact . . . any ordinance in conflict with the provisions of the act unless expressly authorized. . . ." Cities may adopt additional traffic regulations that do not conflict with the Act.
In accordance with the Griffin case, this statutory intent to make the Act uniform does not supplant the constitutional requirement of uniformity. The question of uniformity, therefore, goes to the entirety of the enactment and if any statute within the enactment is nonuniform then the entire enactment is considered nonuniform. Home Builders Assn. of Greater Kansas Cityv. City of Overland Park, Kansas, 22 Kan. App. 649,663 (1996). We are unable to find a statute within the Act that treats certain cities differently from other cities as was the case in Griffin where the Court concluded that while the Legislature intended that the Kansas Code of Procedure for Municipal Courts serve as a uniform procedure for all municipal courts, a provision which treated cities of the first class differently from other cities made the entire enactment nonuniform.
While all cities are authorized to enact ordinances that do not conflict with the Uniform Act to Regulate Traffic on Highways, this authority is generally exercised by nonconflicting ordinary ordinances — not charter ordinances. Home rule precludes a city from chartering out of this enactment because there are no sections that treat differently one city from another. In short, the Uniform Act to Regulate Traffic on Highways applies uniformly to all cities and, therefore, the City of Ellinwood's purported attempt to charter out of the safety equipment statutes which are a part of the enactment is invalid.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm